IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:25-CV-371-BO

| | |
|---|---|
| NIGEL MAX EDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| JANET HALL, KEVIN HALL, KAREN ) | |
| MULQUEEN, PATRICK MULQUEEN, ) | |
| DIANE GEBHART, BILL SHERWOOD, ) | |
| SUSAN PAYTON, JEFFREY PAYTON, ) | |
| HOLLY CURRAN, TAMMY ) | |
| WINGERATH, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motions for the U.S. Marshals to serve three defendants, [DE-13], default judgment, [DE-18], and expedited review, [DE-19], which are referred to the undersigned for a memorandum and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 72.3(c)(1), E.D.N.C. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim and the motions be denied as moot.

I. **Background**

Plaintiff, Nigel Max Edge, with a listed address in Oak Island, North Carolina, brought this action against Defendants Janet Hall, Kevin Hall, Karen Mulqueen, Patrick Mulqueen, Diane Gebhart, Bill Sherwood, Susan Payton, Jeffrey Payton, Holly Curran, and Tammy Wingerath— who are his family members or "captors acting as family," as Plaintiff describes them. Plaintiff alleges Defendant are accessories to multiple attempted murders and aiding in the human

trafficking of Plaintiff within Epstein's "Elite Pedophile Ring, leading to the 'Abu Ghraib Scandal,' for the Film Industry." Compl. [DE-1] at 1, 3–4, 8–9. He argues that Defendants treated him "in [a] fashion that disgraces even 'White Supremacist Pedophiles'" by "Kidnapping a PERFECT Blond hair Blue eyed child that is endowed, 'Involuntarily intoxifying' him then using him for purposes of pedophilia, and film making, continued attempts of torture, and murder attempts." *Id.* at 9. He requests $500,000 from each Defendant "for Injuries, poisonings, and mental torture throughout his life." *Id.* at 3.

Plaintiff has filed multiple attachments to establish proof of service for the summons and complaint. [DE-5, -6, -7, -8, -10, -11, -12, -14]. He provides copies of signed certified mail receipts from Tammy Wingerath, [DE-5], Diana Gebhart, [DE-6], Karen Mulqueen, [DE-7], and Kevin Hall, [DE-9]. He also provides a copy of an unsigned certified mail receipt from Karen Hall, [DE-12], and Holly Curan, [DE-14]. Plaintiff has filed a motion requesting that the U.S. Marshals serve Susan Payton, Jeffrey Payton, and Holly Curan. [DE-13]. William Sherwood has informed the court that he received the summons. [DE-9, -11]. Diane Gebhart has filed a letter she wrote to Plaintiff, which states that "[t]he person you are referring to in this complaint is not me" and that "I have never met any of the people mentioned in this summons, and wish to be removed from any implications to the claims listed here." [DE-15]. Plaintiff has moved for default judgment, claiming that the Defendants "have been properly served and notified [but] have not responded in 30 days." [DE-18]. He has also filed a motion to expedite the default judgment without any explanation. [DE-19].

## II. Standard of Review

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404

U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits, and the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff filed a motion for default judgment, not for entry of default. However, because it cannot consider a default judgment prior to an entry of default, the court construes Plaintiff's *pro se* motion for default judgment as a motion requesting entry of default pursuant to Fed. R. Civ. P. 55(a). *See Shreve v. Wolfe*, No. 5:21-CV-98-BO, 2021 WL 3824674, at *1 (E.D.N.C. Aug. 26, 2021).

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The court notes, however, that "public policy strongly prefers that courts decide cases on the merits." *Sears v. United States*, No. 5:12-CT-3078-BO, 2014 WL 3510122, at *2 (E.D.N.C. July 15, 2014) (citing *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–21 (4th Cir. 2010)).

### III. Discussion

#### i. Failure to State a Claim

"A complaint must allege enough facts to state a claim for relief that is facially plausible." *Shreve*, 2021 WL 3824674, at *4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, the facts pled "must 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'" without conclusory statements.

3

*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations cannot only be conceivable; they must be plausible. *Twombly*, 550 U.S. at 570. Thus, "[t]he complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct." *Shreve*, 2021 WL 3824674, at *4 (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009)). "The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (citing *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

A district court may dismiss *sua sponte* a complaint for failure to state a claim. *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. Oct. 2020 update) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim ....")); *Edge v. United States*, No. 7:24-CV-1086-FL, 2025 WL 818568, at *7 (E.D.N.C. Mar. 13, 2025) ("Although defendant Barry has not appeared in this action nor moved for dismissal, the court also dismisses any constitutional claims against him for failure to state a claim."), *aff'd*, No. 25-1261, 2025 WL 1692742 (4th Cir. June 17, 2025). This exercise of authority may only occur if the complainant is "afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson*, 989 F.3d at 291 (quoting *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)). As this is a memorandum and recommendation, Plaintiff will have notice and opportunity to seek to amend the complaint before the district court. *See e.g.*, *Hardwick v. Lewis*, No. 5:23-CV-504-BO, 2024 WL 4500706, at *5 (E.D.N.C. Mar. 28, 2024), *report and recommendation adopted*, 2024 WL 4100491 (E.D.N.C. Sept. 6, 2024).

4

As an initial matter, Plaintiff's factual allegations are so delusional that they are simply unbelievable and, given its frivolous nature, the case is subject to dismissal. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a case is frivolous if it lacks an arguable basis in either law or fact); *see also McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). However, because Plaintiff is proceeding *pro se* and checked the box for "other civil rights" as the nature of his suit in the civil cover sheet, [DE-1-1], the court out of an abundance of caution charitably construes his claim as one for conspiracy to deny him his civil rights under 42 U.S.C. § 1985(3), but finds that the allegations fail to state a plausible claim.

To state a claim for conspiracy to deny civil rights, a plaintiff must allege "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Melvin v. Soc. Sec. Admin*, 126 F. Supp. 3d 584, 610 (E.D.N.C. 2015) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted)). To establish a conspiracy, "a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights," which "is a 'relatively stringent standard' that requires sufficient evidence that the alleged conspirators participated in a joint plan." *Id.* (quoting *Simmons*, 47 F.3d at 1377 (citations omitted)). Notably, the Fourth Circuit "has rarely, if ever, found that a plaintiff as set forth sufficient facts to establish a section 1985 conspiracy." *Simmons*, 47 F.3d at 1377. It has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete

5

supporting facts." *Id.*

Here, Plaintiff failed to plausibly allege a conspiracy. He alleges in a conclusory fashion that Defendants have participated in a conspiracy "that is responsible for the 'Attacks on 9/11' and 'Human Genocide' of the victims being trafficked for Pedophiles, responsible for a 'Global War on Terror'" [DE-1] at 3, but he does not plausibly allege facts from which the court could infer that Defendants had a "meeting of the minds" with undisclosed individuals associated with the alleged attacks on 9/11, Epstein's pedophile ring, and the global war on terror. *See Melvin*, 126 F. Supp. 3d at 610 (finding failure to sufficiently allege a meeting of the minds when "[t]here are no facts showing that [the defendant] ever had any communication with, or was ever contacted by [the second defendant]"). He also alleges that Defendants have paid "law enforcement, medical personnel and the general public" to continue harassing him, but he does not plausibly allege facts from which the court could infer how these groups have worked with Defendants in a conspiracy. [DE-1] at 9; *see Melvin*, 126 F. Supp. 3d at 610. Thus, Plaintiff's allegations are not sufficient to plead a conspiracy. *See Melvin*, 126 F. Supp. 3d at 610 (dismissing a § 1985(3) claim when the plaintiff failed to sufficiently plead a conspiracy).

Additionally, Plaintiff failed to allege that Defendants were motivated by class-based discriminatory animus. He states that he is "a PERFECT Blonde hair Blue eyed child that is endowed" and "a highly educated, upstanding handicapped Veteran," but he does not claim that Defendants targeted him for those reasons, [DE-1] at 9–10; *see Melvin*, 126 F. Supp. 3d at 611 (explaining the plaintiff must "allege sufficient facts to plausibly show that [Defendants] were motived by racial or class based discriminatory animus"). Thus, Plaintiff has not established that Defendants were motivated by discrimination toward a specific class. *See Melvin*, 126 F. Supp. 3d at 610 (dismissing a conspiracy claim when the plaintiff did not plead that the defendants' actions

6

were motivated by suspect class discrimination).

Moreover, Plaintiff failed to sufficiently allege that Defendants caused him injury. His delusional allegations, including imprisonment, human trafficking, attempted murder, and torture, are simply not believable. [DE-1] at 9; *see Christian v. North Carolina*, No. 5:13-CV-739-FL, 2014 WL 652653 at *6 (E.D.N.C. Feb. 19, 2014) (the claims "are 'so nutty, delusional, or wholly fanciful as to be simply unbelievable'") (internal quotations and citations omitted) (quoting *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009)). The extent of Plaintiff's harm, and the role that Defendants played in that harm, is also unclear. *See Christian*, 2014 WL 652653 at *6 (dismissing a complaint that "is scattershot in nature, consisting wholly of conclusions"). Thus, Plaintiff's allegations are too conclusory to support a claim for conspiracy to deny civil rights. *See Melvin*, 126 F. Supp. 3d at 610–11 (dismissing a claim for conspiracy to deny civil rights that only "summarily allege[d]" the elements without sufficient facts). Accordingly, it is recommended that the complaint be dismissed for failure to state a claim.

### ii. Service

Should the court find that Plaintiff's allegations are sufficient to state a claim, the entry of default is not appropriate because Plaintiff has failed to demonstrate proper service. In support of the motion to default, Plaintiff attaches copies of signed certified mail receipts from Tammy Wingerath [DE-5], Diane Gebhart, [DE-6], Karen Mulqueen, [DE-7], and Kevin Hall, [DE-9], along with a copy of unsigned certified mail receipts from Karen Hall, [DE-12], and Holly Curan, [DE-14]. He also has filed a motion requesting the U.S. Marshals serve Susan Payton, Jeffrey Payton, and Holly Curan. [DE-13] at 1–2. In that motion, he attaches two USPS tracking receipts that show that the "item" was unable to be delivered "because the addressee was not known at the

delivery address noted on the package" in New Hampshire and one USPS tracking receipt that states that the item arrived and is ready for pickup in Florida. *Id.* at 4–6.

As a prerequisite to an entry of default, the party against whom judgment is sought "must have properly been served with process." *Melvin v. Soc. Sec. Admin.*, No. 5:09-CV-235-FL, 2010 WL 1958604, at *12 (E.D.N.C. Mar. 24, 2010) (citing *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process.")). Proof of service must be made to the court by affidavit. Fed. R. Civ. P. 4(1)(1).

Service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4 requires that a valid summons contain the name of the court and the parties, be directed to the defendant, state the name and address of the plaintiff or plaintiff's attorney, state the time within which the defendant must appear and defend, notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded, be signed by the clerk, and bear the court's seal. Fed. R. Civ. P. 4(a)(1). The Rule also provides that a valid summons must be served upon the defendant along with a copy of the complaint to effectuate service unless the defendant chooses to waive the service requirements. *Id.* (c)(1)–(d). Yet, the plaintiff cannot serve the summons and complaint himself. *Id.* (c)(2).

Individual defendants may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable and discretion who resides there; or

8

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* (e).

Here, Plaintiff failed to serve the summons and complaint properly. Through a mail carrier, Plaintiff served Defendants himself, which alone establishes improper service. *See* Fed. R. Civ. P. 4(c)(2); *see also Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.") (quoting *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)). Furthermore, the certified mail receipts he attaches in his proof of service lack the recipient's signatures, making service insufficient. *See Ingram v. Preston Dermatology & Skin Surgery Ctr., P.A.*, No. 5:24-CV-187-FL, 2025 WL 1508012, at *1 (E.D.N.C. May 27, 2025) (service was deficient when the certified mail return receipt was not signed).

Finally, although Plaintiff has requested service by the U.S. Marshals, it is not appropriate in this case. Under Rule 4(c)(3), the court must order U.S. Marshal service if the plaintiff is proceeding *in forma pauperis* but has discretion to otherwise order such service. *See* Fed. R. Civ. P (4)(c)(3); *see also Lima v. Stanley*, No. 5:14-CV-896-FL, 2017 WL 4786428, at *3 (E.D.N.C. Jan. 3, 2017) ("Because Plaintiff is proceeding *in forma pauperis*, she may rely on the U.S. Marshals to serve the summons and complaint."). Plaintiff paid the filing fee and has not demonstrated entitlement to *in forma pauperis* status, so the court is not required to order service by the U.S. Marshals. *See Johnson v. Masterfoods USA*, No. 5:09-CT-3094-D, 2011 WL 1750884, at *2 (E.D.N.C. May 6, 2011) (explaining that, because the plaintiff did not proceed *in forma pauperis*, it had the discretion to appoint a process server on his motion). And while the court has discretion to order U.S. Marshal service, it should decline to do so for this frivolous lawsuit. Accordingly, to the extent the court reaches the motion for default judgment, construed as a motion

to default, it is recommended that the motion to default be denied due to lack of service, the motion for the U.S. Marshals to serve Defendants be denied, and the motion to expedite be denied as moot.

## IV. Conclusion

For the reasons stated above, it is RECOMMENDED that the complaint be DISMISSED for failure to state a claim and Plaintiff's motion for the U.S. Marshals to serve several Defendants, motion for default judgment (construed as motion of default), and motion to expedite be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Tuesday, September 2, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order**

or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this 18th day of August, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge