IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-371-BO-KS

NIGEL MAX EDGE, )
)
Plaintiff, )
)
v. ) ORDER
)
JANET HALL, KEVIN HALL, KAREN )
MULQUEEN, PATRICK MULQUEEN, )
DIANE GEBHART, BILL SHERWOOD, )
SUSAN PAYTON, JEFFREY PAYTON, )
HOLLY CURRAN, TAMMY )
WINGERATH, )
)
Defendants. )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 20]. Plaintiff has objected, [DE 21], and the matter is ripe for disposition. For the reasons that follow, the recommendation is adopted in full and plaintiff's complaint is dismissed.

BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action against individuals whom he contends are members of his family or are "captors acting as family." [DE 1] at 9. Plaintiff's allegations accuse defendants of being accessories to his attempted murder and aiding a human trafficking ring for use in pedophilia within Epstein's elite pedophile ring. *Id.* at 2-3.[1] In his memorandum and recommendation (M&R), Magistrate Judge Jones recommends dismissal of plaintiff's

---

[1] Plaintiff's complaint has been temporarily sealed because it contains personally identifying information. *See* [DE 1].

complaint for failure to state a claim and denial of plaintiff's remaining motions as moot. [DE 20]. Plaintiff has timely filed an objection to the M&R. [DE 21].

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In his objection, plaintiff argues that his alleged claim for conspiracy to deny civil rights is supported by, among other things, the anagrams found within the names of the defendants and his birth certificate which contains a code demonstrating that defendants' intentions are motivated by evil. Plaintiff's objections are, at bottom, non-sensical and delusional and, like his original claims, fail to plausibly allege a violation of law. The Court has considered plaintiff's objections and they are overruled. The Court agrees with the M&R and adopts its reasoning as its own.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the M&R are OVERRULED. The M&R [DE 20] is ADOPTED in full. Plaintiff's complaint is hereby dismissed for failure to state a claim upon which relief can be granted. All of plaintiff's remaining motions [DE 13]; DE 18]; [DE 19]; [DE 22] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this __9__ day of October 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE